BENNY & HOUSE, Respondents, *vs*. PEGRAM & WHITMORE, Appellants.

1. A factor cannot deliver the goods of his principal in payment of his own debts, so as to pass the title, notwithstanding the state of accounts between him and his principal, at the time, may be in his favor.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover a quantity of glass, which had been consigned by the plaintiffs, who were merchants in Pitts- burgh, to Love & Osborne, commission merchants in St. Louis, to be sold on account of the plaintiffs. The glass was, by Love & Osborne, delivered to the defendants in satisfaction of their own debt. The defendants were informed by Love & Osborne that the glass did not belong to them. There was evidence tending to show that Love & Osborne were in advance to the plaintiffs when they received the glass. The court be- low refused to instruct the jury that the plaintiffs' right of re- covery would be affected by the state of accounts between the parties.

*Todd & Krum*, for appellants. If the plaintiffs were in- debted to Love & Osborne when the glass was received by the defendants, the latter are entitled to be subrogated to the rights of Love & Osborne.

*T. T. Gantt*, for respondents, cited the following authori- ties : *Martin* v. *Coles*, 1 Maule & S. 140. *Shipley* v. *Ky- mer*, ib. 484. *Graham* v. *Dyster*, 6 M. & S. 14. *Daubig- ny* v. *Duval*, 5 T. R. 604. 4 B. & C. 342. *Fielding* v. *Kymer*, 2 Brod. & Bing. 639. *Kuckein* v. *Wilson*, 4 Barn. & Ald. 443. *McCombie* v. *Davis*, 7 East, 7. *Kinder* v. *Shaw*, 2 Mass. 398. 1 Mason, 440. 4 J. R. 103. 6 Serg. & Rawle, 392. 7 N. H. Rep. 446. *Warner* v. *Martin*, 11 Howard, 209.

GAMBLE, Judge, delivered the opinion of the court.

1. The only difference between this case and that of the same plaintiffs against Rhodes is, that, in the present case, reliance is placed upon the fact that, at the time the factors delivered to the defendants the goods of their principals, in payment of a debt due from themselves to the defendants, the factors were in advance to the principals to an amount equal to, or greater than the value of the property so delivered. It has been stated in Rhodes' case, that, although a factor may sell enough of the goods consigned to him to reimburse himself for his advances, yet, such sale is to be a real sale, made in the usual mode, and not a delivery of the property to the creditor of the factor in payment of his debt. In the trust which a factor has to discharge for a distant principal, it is necessary that good faith to the principal should be observed, and it would be dangerous to allow him, under a power to sell, to use the goods as his own in paying his own debts; and, in a case like the present, where a factor, in failing circumstances, delivers the goods of his principal to his own creditor in payment of his debt, it is not proper to allow the question of title to the property to depend on the then state of accounts between the principal and factor. If the principal has been satisfied for his whole consignment, or has, with knowledge of the transaction between the factor and his creditor, ratified it, he has no right of action. The instructions refused by the court, on the part of the defendants, are not critically examined, because, in the case, as made in the evidence, those given for the plaintiffs declared the law of the case correctly. The judgment is affirmed, with the concurrence of the other judges.